IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE LEE GARDNER,<br><br>        Petitioner,<br><br>vs.<br><br>HANK GALETKA,<br><br>        Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:95-CV-846-TC |

    Petitioner Ronnie Lee Gardner is a prisoner on death row at the Utah State Prison. In 1996, when Mr. Gardner's post-conviction petition was pending here, this court entered a stay of execution which was to remain in effect through appeal to the Tenth Circuit Court of Appeals and through a decision on any petition for writ of certiorari filed with the United States Supreme Court. Mr. Galetka has exhausted his appeal to the Tenth Circuit (he lost on appeal). He now has a petition for writ of *certiorari* pending before the U.S. Supreme Court.

    Respondent Hank Galetka, through counsel from the Utah Attorney General's Office, has filed a Motion to Lift Execution Stay (Docket No. 716), contending that the district court's stay exceeded the court's jurisdiction under 28 U.S.C. § 2251(a)(1) and so the stay should be lifted. Because the court finds that Respondent's interpretation of § 2251(a)(1) is too narrow, his Motion to Lift Execution Stay is DENIED.

**ANALYSIS**

    On February 2, 1996, U.S. Magistrate Judge Alba issued an order staying the execution of

Mr. Gardner, which had been scheduled for March 8, 1996. The Stay Order provided that Mr. Gardner's "sentence is stayed until the resolution of his federal *habeas corpus* action in this Court, and any appeals to the Tenth Circuit Court of Appeals and requests for review by *certiorari* in the United States Supreme Court therefrom." (Stay Order (Docket No. 15) at 1.)

No party disputes that the court had jurisdiction at that time to stay the execution of Mr. Gardner pending resolution of his habeas corpus petition in the district court and in the Tenth Circuit Court of Appeals. But Respondent argues that the court exceeded its jurisdiction when it stayed the execution pending resolution of proceedings at the U.S. Supreme Court level, including the time the Supreme Court would take to rule on a petition for writ of certiorari.

The authority of a court to stay an execution originates in the federal statute addressing habeas corpus proceedings:

> A justice or <u>judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceedings</u> against the person detained in any State court or by or under the authority of any State **for any matter involved in the habeas corpus proceeding**.

28 U.S.C. § 2251(a)(1) (emphasis added).

The Stay Order remained in effect through the district court's resolution of Mr. Gardner's habeas corpus petition. On April 5, 2007, the court issued two orders that dismissed all of Mr. Gardner's claims on the merits, and the case was closed. (<u>See</u> Docket Nos. 693, 694.) Soon thereafter, Mr. Gardner filed a Notice of Appeal to the United States Court of Appeals for the Tenth Circuit, and this court granted his motion for a Certificate of Appealability. (<u>See</u> May 23, 2007 Order & Mem. Decision (Docket Nos. 705, 706).)

On June 19, 2009, the Tenth Circuit's three-judge panel affirmed the district court and

denied all of Petitioner's requested relief. See Gardner v. Galetka, 568 F.3d 862 (10th Cir. 2009). After the Tenth Circuit denied Mr. Gardner's petition for a rehearing *en banc* and his Motion for Stay of Issuance of the Mandate Pursuant to Federal Rule of Appellate Procedure 41,[1] the Tenth Circuit entered its final mandate. (See Sep. 8, 2009 Mandate of USCA (Docket No. 715).)

Respondent then filed his Motion to Lift Execution Stay in this court, contending that when the Tenth Circuit Court of Appeals issued its mandate, Mr. Gardner's case ceased to be pending, and so the Stay Order was, as a matter of law, no longer valid. That is, Respondent maintains that under 28 U.S.C. § 2251(a)(1), the court's authority evaporated upon entry of the Tenth Circuit mandate, at which point the matter was no longer pending and § 2251 no longer applied. To support his argument, Respondent cites Stafford v. Ward, 60 F.3d 668 (10th Cir. 1995), for the proposition that a district court's authority under § 2251 to stay state action ends with the appeal's final disposition (i.e., entering of the mandate).[2]

But Stafford does not diminish the viability of Petitioner's argument, because it is, at a minimum, factually distinguishable (there, the Supreme Court had already denied the petition for writ of certiorari). Further, it is not inconsistent with the position Petitioner takes here. Indeed, the Stafford opinion contains language that supports Petitioner's position.

In Stafford, the prisoner filed a motion in the Tenth Circuit seeking a holding that the

---

[1] Under Rule 41, "[a] party may move to stay [issuance of] the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion . . . must show that the certiorari petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A).

[2] Respondent also relies on two non-binding Fifth Circuit decisions that the court finds are factually distinguishable and unpersuasive.

state's new execution date was void because the original stay entered by the district court on June 18, 1993, under 28 U.S.C. § 2251, had never been lifted. The Tenth Circuit noted that the district court was "unimpressed" with the argument, concluding "that <u>the stay was lifted at the time that the Supreme Court denied certiorari and the order denying [petitioner] federal habeas relief became final</u>." <u>Id.</u> at 670 (emphasis added). The Tenth Circuit said, "<u>We agree</u>. Once a final decision has occurred [i.e., denial of petition for writ of certiorari] concluding that no federal habeas relief is warranted, there remains no valid basis to support a continuing stay." <u>Id.</u> (emphasis added).

The fact that the Tenth Circuit had issued its own stay in <u>Stafford</u> (unlike here) does not preclude Petitioner's argument. In <u>Stafford</u>, the Tenth Circuit was guided by the U.S. Supreme Court's analysis in <u>In re Jugiro</u>, 140 U.S. 291 (1891), where the Court stated:

> Of the object of the statute [predecessor to 28 U.S.C. § 2551] there can be no doubt. It was . . . to stay the hands of such court or state <u>while the question as to whether his detention was in violation of the constitution, laws, or treaties of the United States was being examined by the courts of the Union</u> having jurisdiction in the premises. But <u>the jurisdiction of the state court . . . is restrained only pending the proceedings in the courts of the United States, and until final judgment therein</u>. This court [the U.S. Supreme Court] . . . affirmed . . . the judgment of the circuit court denying the former application for a writ of *habeas corpus*. <u>That was its final judgment in the premises, because it determined the whole controversy involved in the appeal</u>.

140 U.S. at 295 (emphasis added). The <u>Stafford</u> court said, "We believe these same principles apply here." 60 F.3d at 671.

The court is not convinced that 28 U.S.C. § 2251 should be read in the narrow manner presented by Respondent (i.e., that entry of the circuit court's final mandate means that the petition is no longer pending on appeal or that a petition to the Supreme Court is not a matter

4

involved in the habeas corpus proceedings). The broad language of 28 U.S.C. § 2251 is not limited by the holding in Stafford. This court interprets the statutory language "any matter involved in the habeas corpus proceeding" to include the right to obtain a decision on a petition for writ of certiorari from the United States Supreme Court.

> It must be remembered that direct appeal is the primary avenue for review of a conviction of sentence, and death penalty cases are no exception. When <u>the process of direct review – which, if a federal question is involved, includes the right to petition this Court for a writ of certiorari</u> – comes to an end, a presumption of finality and legality attaches to the conviction and sentence.

Autry v. Estelle, 464 U.S. 1, 3 (1983) (emphasis added) (quoting Barefoot v. Estelle, 463 U.S. 880, 887 (1983)).

For the foregoing reasons, Respondent's Motion to Lift Execution Stay (Docket No. 716) is DENIED.

SO ORDERED this 11th day of January, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge